RAMIREZ, J.
Joselyn Raperto appeals a final order denying his application for Medicaid related benefits. Because the hearing officer improperly interpreted Florida Administrative Code Rule 65A-1.711, we reverse.
It is undisputed that Raperto is disabled and a recipient of Social Security Disability Insurance benefits and Supplemental Security Income disability benefits. The supplemental disability benefits also entitled Raperto to Medicaid related benefits. On October 4, 2000, the Florida Department of Children and Families notified Raperto that he would no longer be eligi *203 ble for supplemental disability benefits after October 31, 2000 because his income exceeded the supplemental disability eligibility criteria.
Raperto appealed the Department’s termination of supplemental disability benefits, arguing that the Department terminated his benefits on the basis of an incomplete ex parte review of his eligibility for other Medicaid benefits, including the Home and Community Based Services Medicaid waiver program. On August 7, 2001, the administrative appeals hearing officer found that the Department had failed to conduct a full review of Raperto’s Medicaid eligibility as required by the Florida Administrative Code and Department policy, and ordered the Department to determine Raperto’s eligibility for Home and Community Based Services Medicaid (HCBS) waiver.
On September 5, 2001, the Department denied Raperto’s claim for HCBS and can-celled his Medicaid benefits because he did not follow through in establishing eligibility and he did not meet the medical need for HCBS. After Raperto appealed the Department’s decision, the hearing officer affirmed the denial of benefits finding that United Home Care Agency had determined that Raperto was eligible for the program, but had not enrolled him because there were no funds to provide such services for individuals less than 60 years of age.
Florida Administrative Code Rule 65A-1.711(4) provides that:
(4) To be eligible for HCBS, an individual must:
(a) Be at least 65 years of age and meet the requirements of rule subsection 65A-1.701(6) to participate in the Channeling waiver;
(b) Be determined disabled in accordance with SSI disability criteria set forth in 42 C.F.R. §§ 435.540 and 435.541 and meet the requirements of subsection 65A-1.701(22) to participate in the Project AIDS Care waiver;
(c) Be age 65 or older or disabled in accordance with SSI disability criteria set forth in 42 C.F.R. §§ 435.540 and 435.541 and meet the requirements of subsection 65A-1.701(1) to participate in the ADA/HCBS waiver program or subsection 65A-1.701(10) to participate in the Developmental Services waiver program;
(d) Be age 60 or older and meet the requirements in rule subsection 65A-1.701(3) to participate in the Assisted Living waiver;
(e) Be determined to be in medical need in accordance with Rule 59G-8.200(4)(b), F.A.C.;
(f) Be receiving HCBS as certified by a case manager in accordance with the provisions of the waivers.
On appeal, the Department concedes that an individual does not have to meet all six of the criteria, but only one of the six. Likewise, it is undisputed that Raperto qualifies under subsection (4)(c) because he is disabled. The hearing officer, however, determined that Raperto was ineligible because he did not satisfy the requirements of subsection (4)(f). The hearing officer never considered the fact that Ra-perto was eligible under subsection (4)(c).
Rule 65A-1.711 implements section 409.903, Florida Statutes (2001), entitled “Mandatory payments for eligible persons.” Under section 409.903(2), Raperto qualifies as a low income person “considered to be permanently and totally disabled.” Thus, Raperto is eligible for HCBS. The Department does not dispute that Raperto is permanently and totally disabled as he has end-stage renal disease and undergoes dialysis three days a week. *204 We therefore reverse the decision of the hearing officer.